UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>  Plaintiff(s),<br><br>v.<br><br>D&J FAMILY TRUST AND PALM CANYON DEVELOPMENT, INC.,<br><br>  Defendant(s). | 2:13-CV-1948 JCM (CWH) |

**ORDER**

Presently before the court is defendant D&J Family Trust's motion to abstain. (Doc. # 23). Plaintiff Century Surety Company filed a response in opposition. (Doc. # 28).

This case centers upon an action for declaratory relief by plaintiff Century Surety Company against defendant D&J Family Trust. Defendant is the owner of a single-family home located in Las Vegas, Nevada. Defendant claims that the stone veneer on the home is defective, which has caused property damage and created a substantial risk to the life, safety, and welfare of its residents. As a result of these alleged defects, defendant initiated a construction defect action in Nevada state court on August 9, 2011, against TNT Masonry Corporation ("TNT") and other entities that were involved in the home's construction. Plaintiff has not been joined in the state court action.

Plaintiff is TNT's insurer. TNT tendered defense in the state court action to plaintiff under the terms of its insurance policy. Plaintiff filed the instant action on October 24, 2013, seeking a declaration that it is not liable under the insurance policy. Plaintiff alleges that the damages to the

**James C. Mahan**
**U.S. District Judge**

1  property fall within the policy's exclusions, and therefore plaintiff cannot be held liable.

2  In the instant motion, defendant requests that the court decline to exercise jurisdiction over
3  this case due to the pending action in Nevada state court. (Doc. # 23).

4  The Declaratory Judgment Act provides that "any court of the United States, upon the
5  filing of an appropriate pleading, may declare the rights and other legal relations of any
6  interested party seeking such declaration." 28 U.S.C. § 2201(a). Under the Declaratory Judgment
7  Act, district courts have "substantial discretion" to decline to exercise jurisdiction over an action for
8  declaratory relief. *Wilton* v. *Seven Falls Co.,* 515 U.S. 277, 286 (1995).

9  The Supreme Court has noted that it is "uneconomical as well as vexatious for a federal court
10  to proceed in a declaratory judgment suit where another suit is pending in a state court presenting
11  the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*
12  *of Am.*, 316 U.S. 491, 495 (1942).

13  In its opposition, plaintiff attempts to distinguish the two actions, arguing that this case will
14  "resolve the issue of whether [defendant's] damages fall within the coverage of the Century policy"
15  while the case pending in state court "will determine [defendant's] damages attributable to TNT's
16  allegedly defective work." (Doc. # 28 p. 4). Plaintiff also points out that there is not a presumption
17  in favor of abstention in insurance cases. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225
18  (9th Cir. 1998).

19  While plaintiff is correct that there is no presumption in favor of abstention in cases
20  involving insurance policies, it is equally true that there is no presumption *against* abstention in such
21  cases. *See id.* Indeed, in any question of abstention over a declaratory relief action, the court must
22  consider the efficient allocation of judicial resources, the possibility of interference with cases
23  pending in state court, and whether the litigants are pursuing the action as "a means of forum
24  shopping." *Huth* v. *Hartford Ins. Co.,* 298 F.3d 800, 803 (9th Cir. 2002).

25  The court finds that abstention is warranted. Plaintiff's sole claim seeks declaratory relief
26  under Nevada law. Though this case raises legal questions that are separate and distinct from those
27  in the state court action, both rely on the same underlying factual scenario, thereby creating a high

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  probability of interference between the two proceedings. Concordantly, Nev. Rev. Stat. 30.030
2  provides a vehicle by which plaintiff can pursue declaratory relief in Nevada state court.[1] Allowing
3  plaintiff's claims to be decided in state court will best promote judicial efficiency as well as comity
4  between state and federal courts. Therefore, defendant's motion to abstain will be granted, and the
5  court will decline to exercise jurisdiction over this action.

6  Accordingly,

7  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
8  abstain (doc. # 23) be, and the same hereby is, GRANTED.

9  IT IS FURTHER ORDERED that this action is DISMISSED. The clerk is instructed to close
10  the case.

11  DATED April 18, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This provision states,

> Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.